THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| ANGELA PAVICH, | ) | |
| Plaintiff, | ) | |
| vs. | ) Cause No.: | **2 1 0 C V - 4 9 4** |
| SISTERS OF SAINT FRANCIS HEALTH | ) | |
| SERVICES d/b/a St. Anthony Hospital and | ) | |
| PAULA KOLDUG, | ) | |
| Defendants | ) | |

## COMPLAINT

NOW COMES Plaintiff ANGELA PAVICH (hereinafter "PAVICH"), by and through counsel, Robin Remley of the Law Offices of Robin Remley LLC and complaining of the Defendant SISTERS OF SAINT FRANCIS HEALTH SERVICES ("St. Anthony") states as follows:

### I. INTRODUCTION

1. Plaintiff has initiated this action to redress violations by St. Anthony of the Family and Medical Leave Act "FMLA" (29 U.S.C. Sect. 2601 et seq.) and the Americans with Disabilities Act of 1964 ("ADA"), and Americans with Disabilities Act Amendments Act of 2008 ("ADAAA").

### II. JURISDICTION AND VENUE

2. This action is initiated pursuant to the FMLA, the ADA and the ADAAA. This Court may properly maintain personal jurisdiction over Defendants because Defendant's contact with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice.

3. The United States District Court for the Northern District of Indiana has original subject matter jurisdiction and venue is properly laid in this district because the claims arise under laws of the United States and all actions took place in the county of Lake, state of Indiana.

## III. PARTIES

4. Plaintiff Angela Pavich ("Pavich") is a citizen of the United States, residing in Crown Point, Indiana, county of Lake.

5. Defendant St. Anthony is a hospital doing business in the State of Indiana, county of Lake.

6. Paula Koldug ("Koldug") was Plaintiff's supervisor, and exercised control over Plaintiff's request for taking protected FMLA leave, approving or denying Plaintiff's requests for taking protected medical leave, authorizing/counting Plaintiff's absences as approved/unapproved, verifying Plaintiff's taking of leave, requesting or approving disciplinary action against Plaintiff including write-ups and termination. Defendant Koldug also had the authority to prevent the termination of Plaintiff.

## IV. FACTUAL BACKGROUND

7. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

8. Pavich worked for St. Anthony from approximately 1992 through March 2010.

9. At all relevant times, Pavich was a qualified individual with a disability in that she has kidney problems such as chronic kidney stones, and hydronephrosis. She has had surgery relating to this condition, has experienced severe pain, nausea, and other symptoms related to her condition.

10. Between January and April 2009, she missed several weeks of work due to kidney problems.

11. On various occasions, despite missing work due to her kidney problems, she was written up for call offs by Paula Koldug ("Koldug").

12. At all relevant times, Pavich had worked over 1250 hours during the preceding twelve (12) months and was eligible for up to 480 hours of FMLA leave per year.

13. Further, as a disabled individual, Pavich was entitled to reasonable accommodation related to her disability, which should have included intermittent absences related to her disability.

14. Pavich had applied for intermittent FMLA leave.

15. In approximately August, 2009, Pavich called off due to severe back pain, and made an appointment with her physician for the back pain associated with her kidneys.

16. In the interim, she developed strep throat and was treated by the doctor for her strep throat.

17. Pavich provided medical documentation regarding both absences.

18. Despite the foregoing, Pavich was disciplined, ("written up") for these absences by Koldug.

19. In November, 2009, Pavich was given a written warning for excessive absences, although she had not exceeded her allowable FMLA absences and her absences were needed to care for her own serious medical condition.

20. On November 18, 2009, Pavich was in an automobile accident, went to the emergency room, and was diagnosed with back, neck and vertebral injuries. She was instructed by medical personnel not to work for two (2) days.

21. Pavich contacted her supervisor, and was advised that if she did not report to work, she would not have a job.

22. Accordingly, despite pain and injuries, Pavich reported to work, and went to the Human Resources department of St. Anthony.

23. She was then not allowed to report to work since she was not released to go back to work.

24. A November 23, 2009 MRI revealed a possible fracture.

25. However, when Pavich notified Human Resources of the results, she was advised that she did not qualify for FMLA and thus, there was no need for paperwork.

26. Thus, Pavich returned to work November 24 or 25, 2009. Upon her return, Pavich was written up by Koldug.

27. Pavich made various complaints to Human Resources regarding what Pavich deemed to be harassment, discrimination and adverse treatment by Paula based on her disability and based on taking FMLA leave.

28. Pavich also requested to be transferred due to Koldug's behavior toward her, but was advised by Human Resources that she could not be transferred due to the write-ups.

29. Pavich was instructed by Human Resources to discuss the matter with Koldug, but Human Resources took no action.

30. Further, no actio nwas taken to reverse Pavich's write-ups even after her complaints, and even though the absences were FMLA absences and mostly related to her disability.

31. After complaining to Human Resources about Koldug, Koldug's mistreatment of Pavich escalated.

32. In November, 2009, Koldug told Pavich that "Methodist was hiring" to encourage her to quit.

33. Koldug also told Pavich she should look for work elsewhere, and that her FMLA and ADA related absences were causing problems for other workers.

34. On November 16, 2009, Pavich received a written final warning for excessive absences from Koldug, despite providing doctor's notes related to her kidney problems and treatment for the same, and despite medical documentation for her accident-related injuries.

35. On January 2, 2010, Pavich switched shifts with another employee. Other non-disabled employees who did not have FMLA switched shifts as well. However, Pavich was written up and others were not.

36. In 2010, Pavich developed severe sleep problems that were interfering with her daily activities. She was prescribed Ambien and developed a severe problem.

37. On January 27, 2010, due to grogginess related to the Ambien, Pavich fell and had a black eye. On that date, Pavich contacted Koldug and indicated that she wanted to seek substance abuse treatment.

38. In response, Koldug indicated to Pavich that if she did not report to work, she would not have a job.

39. Groggy–and admitting what she believed to be a substance abuse problem related to ambien, Pavich reported to work as instructed by Koldug.

40. Based on comments Pavich apparently made to a co-worker(s) Caroline Davis ("Davis") a social worker at St. Anthony, was contacted, and Pavich went to see her.

41. Davis indicated that Pavich needed to get help, and Carol Shuster("Shuster"), Director of Nursing, was contacted.

42. Pavich reported to the St. Anthony Emergency Room, and from there, was transported to an inpatient substance abuse program by ambulance, to St. Margaret Mercy in Dyer, Indiana.

43. After undergoing inpatient treatment, Pavich underwent outpatient counseling.

44. Pavich had applied for and had been approved for FMLA leave by St. Anthony–on paper.

45. After her release from inpatient treatment, Pavich learned that her private health information and visit to the emergency room were being discussed by employees, in violation of HIPAA, the ADA and the FMLA.

46. Pavich reported this to Human Resources on or about February 2, 2010, believing Koldug was disclosing her private health information in violation of HIPAA, the ADA and the FMLA.

47. However, no action was taken by St. Anthony.

48. On March 8, 2010 Pavich was terminated by St. Anthony.

49. St. Anthony indicated that Pavich was terminated for accessing her own private health information via computer in August and November 2009. However, Pavich accessed her medical records via the records department by filling out authorizations. Further, passwords are easily accessible and not privately held.

47. St. Anthony's reasons for termination are pretextual.

48. Pavich was treated differently than similarly situated non-disabled employees.

49. The Unemployment Insurance Appeals Administrative Law Judge determined that Plaintiff was not terminated for just cause in that Defendant's policies are not uniformly enforced, and Plaintiff was exonerated for one of the alleged violations upon which the termination was based.

50. Since her termination, Pavich has been without income but for unemployment benefits. She has lost wages, and benefits and has suffered pecuniary and compensatory damages.

## FIRST CAUSE OF ACTION

### FAMILY AND MEDICAL LEAVE ACT violations and retaliation

51. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

52. Pavich's termination was a violation of the FMLA, 29 CFR 825.200 et seq. Her termination was also in retaliation for taking FMLA leave, approved by her employer--to care for her own serious health conditions.

53. Disciplinary actions taken against Pavich with respect to her disability-related and FMLA-related absences are in violation of the FMLA and were made as retaliation against Pavich for taking FMLA leave.

54. At the time of requesting various absences from St. Anthony, and at the time of termination, Pavich had been employed by St. Anthony for at least twelve (12) months pursuant to the requirements of 29 U.S.C.A. Sec. 2611(2)(1) and at the time of disciplinary actions and her termination, she had at least 1250 hours of service during the preceding twelve (12) months.

55. Defendant is engaged in an industry affecting commerce and employees fifty (50) or more employees for each working day during each of the twenty (20) or more calendar work weeks in the current or preceding calendar year, pursuant to 29 U.S.C.A. Sect. 2611 (4)(A)(1).

56. Plaintiff was entitled to receive leave pursuant to 29 U.S.C.A. Sect. 2612 (a0(1) for a total of twelve (12) weeks of leave per year.

57. Plaintiff was clearly an eligible employee under the definitional terms of the FMLA, 29 U.S.C. Sect. 2611(2)(a)(i)(ii).

58. Defendants violated the FMLA by failing to provide Plaintiff with an individualized notification of her FMLA rights and obligations when she placed Defendants on notice of her need to take qualifying leave on single day occasions, including but not limited to that related to her accident-related injuries, back pain related to kidney problems, etc.

59. Defendants further wrongfully denied Plaintiff FMLA leave on several occasions outlined above.

60. Defendant further wrongfully disciplined, terminated and retaliated against Plaintiff for taking FMLA leave.

61. The actions of Defendants were willful and in reckless disregard of the purpose of the FMLA.

62. Defendants, by the foregoing actions, did not take steps to ascertain the meaning or application of the FMLA to Plaintiff, nor did they exercise good faith to comply with the provisions of the FMLA.

63. Defendant Koldug and others making decisions with respect to Pavich, were acting within the scope and course of her employment with St. Anthony.

64. As such, St. Anthony is liable for the actions of Koldug and other involved with St. Anthony's decisions with respect to Pavich, per respondent superior.

65. Further, Koldug exercised such control and authority over decisions pertaining to Pavich, and acted with such willful and reckless disregard of the FMLA by her actions to render her personally liable to Plaintiff.

66. As such, Defendants are liable to Plaintiff for damages, and for liquidated damages, attorneys fees, costs, and other allowable damages by statute.

## SECOND CAUSE OF ACTION

### Violations of the ADA and ADAAA

66. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

67. Plaintiff timely filed a charge with the United States Equal Opportunity Commission, and Received a Dismissal and Notice of Suit Rights on November 25, 2010. However, the notice was file

stamped as mailed by the EEOC September 17, 2010. (Exh. A). In any event, however, Plaintiff is timely filing this Complaint within ninety days of a presumptive receipt date of September 20, 2010.

68. Plaintiff was able to perform her duties with or without reasonable accommodation, one accommodation being the need for absence, even intermittently, to care for her disabilities.

69. Plaintiff was disabled due to her kidney disorders, but also later due to her substance abuse issues.

70. Plaintiff's requests for accommodation via these absences were denied, and Plaintiff was reprimanded when she did take them.

71. Plaintiff was eventually terminated after taking leave for treatment due to her substance abuse issues.

72. Defendant discriminated against Plaintiff based on her disabilities based on their blatant adverse employment actions and failure to accommodate her absences.

73. Further, similarly situated employees who were non-disabled, were treated more favorably.

74. As a result of the foregoing, Plaintiff has been damages, has sustained loss of income and benefits, will sustain future losses, and has sustained other damages undetermined at this time.

WHEREFORE, Plaintiff seeks judgment against the Defendants in an amount that is fair and reasonable in the premises, plus costs of this action, liquidated or punitive damages as allowable per statute, attorneys fees, and all other just and proper relief.

Respectfully submitted,

Robin G. Remley (22517-45)
Attorney for Plaintiff, ANGELA PAVICH

Law Offices of Robin Remley LLC
900 Ridge Road, Ste T
Munster, IN 46321
(219) 756-9600

## JURY DEMAND

Plaintiff, by counsel, demands trial by jury.

Respectfully submitted,

_____
Robin G. Remley (22517-45)
Attorney for Plaintiff, ANGELA PAVICH

Law Offices of Robin Remley LLC
900 Ridge Road, Ste T
Munster, IN 46321
(219) 756-9600

EEOC Form 161 (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

To: Angela Pavich
8146 Mount Court
Crown Point, IN 46307

From: Indianapolis District Office
101 West Ohio St
Suite 1900
Indianapolis, IN 46204

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 470-2010-02243 | Michelle D. Ware, Enforcement Supervisor | (317) 226-5161 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Webster N. Smith,
Acting District Director

SEP 1 7 2010
*(Date Mailed)*

Enclosures(s)

cc: Carrie L. Flores, Attorney
KRIEG DEVAULT
833 West Lincoln Highway
Suite 401W
Schererville, IN 46375

Robin G. Remley, Esq.
900 Ridge Road, Suite T
Munster, IN 46321



DAVICH, Angie

**INDIANAPOLIS DISTRICT OFFICE**
Equal Employment Opportunity Commission
101 West Ohio Street - Suite 1900
Indianapolis, Indiana 46204-4203

OFFICIAL BUSINESS